# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION AT KNOXVILLE

FILED

**February 5, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

ROSCOE W. FIELDS, SR., )
)
      Plaintiff/Appellant ) KNOX CIRCUIT
)
v. )
)
BOBBY RAY McGEE and ) NO. 03A01-9609-CV-00296
LILLIAN BEAN, )
)
      Defendants/Appellees ) AFFIRMED

Roscoe W. Fields, Pro Se, Appellant

Mary Ann Stackhouse, Knoxville, For Appellees

## M E M O R A N D U M  O P I N I O N

_____INMAN, Senior Judge

_____Mr. Fields says that Joe Torrence, the Circuit Court Clerk of Davidson County, charged him an excessive fee for a certified copy of a traffic citation, for which he attempted to seek redress in General Sessions Court of Knox County.

He says that the Judge of the Knox County General Sessions Court and the Clerk thereof refused to allow him to file his warrant, whereupon he attempted to file it in Davidson County, and was rebuffed; he thereupon attempted to file a redressing action in the Davidson Chancery Court, and was again rebuffed.

He returned to Knox County, and filed this *pro se* action for damages against Judge McGee and Clerk Bean, asserting that they violated his civil rights under 42 U. S. C. §1983, by refusing to allow him to file the action against Clerk Torrence. The trial judge directed a verdict for the defendants at the close of the plaintiff's case, holding that he had failed to make out a *prima facie* case.

This is a proper case for affirmance under RULE 10, RULES OF THE COURT OF

Appeals.[1]

_____Costs are assessed to the appellant.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Don T. McMurray, Judge

_____
Charles D. Susano, Jr., Judge

---

**10. Affirmance Without Opinion - Memorandum Opinion.**
      **(b) <u>Memorandum Opinion.</u>** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]

---

[1] **10. Affirmance Without Opinion - Memorandum Opinion.**
      **(b) <u>Memorandum Opinion.</u>** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]